900 F.2d 260
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Reginald TENSLEY, Plaintiff-Appellant,
v.
Dennis DAVIS, Defendant-Appellee.
 No. 89-1519.
 United States Court of Appeals, Sixth Circuit.
 April 16, 1990.
 
 Before MERRITT, Chief Judge, and BOYCE F. MARTIN, Jr. and RALPH B. GUY, Jr., Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Reginald Tensley, a pro se Michigan prisoner, appeals from the district court's dismissal of his civil rights action filed pursuant to 42 U.S.C. Sec. 1983.
 
 
 3
 Seeking damages and declaratory relief, Tensley sued Davis, the security classification director at the Ionia Maximum Correctional Facility in Ionia, Michigan, alleging that Davis discriminated against him on the basis of race. Tensley alleges that Davis gave a porter position to an unqualified Caucasian inmate, after denying the position to Tensley, who is non-Caucasian and alleges that he is otherwise equally qualified.
 
 
 4
 After a review of the files and records, the district court granted summary judgment for defendant and dismissed the case. Tensley has filed a timely appeal, challenging the district court's dismissal. In addition, he subsequently filed a motion for the appointment of counsel on appeal.
 
 
 5
 Upon review, we affirm the district court's judgment for the reasons stated in its opinion. The pleadings, answers, affidavits, and other evidence of record, show that there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 6
 Racial discrimination is unconstitutional within prisons, except in those situations involving "the necessities of prison security and discipline." Cruz v. Beto, 405 U.S. 319, 321 (1972) (per curiam). Decisions on inmate employment within the prison cannot be made on a racially discriminating basis. Knop v. Johnson, 667 F.Supp. 467, 501 (W.D.Mich.1987).
 
 
 7
 To establish a violation of the equal protection clause, an inmate must prove that a racially discriminatory intent or purpose was a factor in the decision of the prison officials. See Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252, 265 (1977). Such proof then shifts to the prison officials the burden of producing some evidence showing that the same decision would have resulted absent the impermissible intent or purpose. Id. at 270 n. 21; Knop, 667 F.Supp. at 501. However, the plaintiff bears the ultimate burden of proving that the injury complained of was due to improper consideration of a discriminating purpose. Arlington Heights, 429 U.S. at 270 n. 21.
 
 
 8
 In this instance, Tensley has not shown that a racially discriminatory intent or purpose played any part in his failure to attain the porter's position. A review of the uncontradicted evidence of record shows that Tensley was not placed in the porter's position because of his continuing status in administrative segregation and because he did not meet the eligibility requirements for the position at the time of his application. Thus, we conclude that the district court properly granted summary judgment for the defendant.
 
 
 9
 Accordingly, the motion for the appointment of counsel is hereby denied, and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.